IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

JUDITH VOLOVSEK,

    Plaintiff,

v.

STATE OF WISCONSIN
DEPARTMENT OF AGRICULTURE,
TRADE AND CONSUMER PROTECTION,

    Defendant.                                  No. 00-CV-550-DRH

## MEMORANDUM & ORDER

**HERNDON, District Judge:**

### I. INTRODUCTION & BACKGROUND

Before the Court is Defendant's Motion in Limine (hereinafter "Motion") (Doc. 100), which seeks to preclude Plaintiff from bringing a discrimination claim for a non-promotion incident occurring in 1993 (hereinafter the "1993 claim").[1] Defendant argues that preclusion of the 1993 claim will thereby dispose of any need for a jury trial. Plaintiff opposes the motion, arguing that the doctrine of the law of

---

[1] During the relevant time period, Plaintiff was employed by Defendant as an Agrichemical Specialist ("ACS"). Among other things, Plaintiff alleges she was denied a promotion to the position of Environmental Enforcement Specialist ("EES") by Defendant in 1993, based upon her gender, and that she continued to suffer episodes of gender discrimination and retaliation. A recounting of the facts of this case are not integral to the legal analysis of this Order. For a more detailed factual account, *see* ***Volovsek v. Wis. Dept. of Agriculture, Trade and Consumer Protection*, 344 F.3d 680 (7th Cir. 2003)**.

Page 1 of 11

the case precludes dismissal of her 1993 claim and further that Defendant has waived any issue of claim preclusion. (Doc. 108.)

In order to determine whether to grant Defendant's Motion, the Court will first need to examine the relevant procedural history of the instant case. Next, the Court must determine exactly what Defendant seeks to preclude from being brought forth at trial in this case, via its Motion, in order to analyze whether the law of the case doctrine applies and/or whether Defendant has waived the arguments made in its motion. Because the Court essentially agrees with Plaintiff's opposing arguments, Defendant's Motion in Limine is hereby **DENIED**.

A.   **RELEVANT PROCEDURAL HISTORY**

Initially, Defendant filed a motion for summary judgment with this Court[2] (Doc. 35), arguing that (1) Plaintiff failed to make out a *prima facie* case for either sex discrimination or retaliation; and (2) even if Plaintiff had made out a *prima facie* case for either sex discrimination or retaliation under the burden-shifting framework established in *McDonnell Douglas*,[3] all of Defendant's actions were based upon legitimate, non-discriminatory reasons and were not merely

---

[2] This case was originally in front of U.S. District Judge Stadtmueller, who issued the rulings on Defendant's initial summary judgment motion and also on Defendant's summary judgment motion made after the case had been remanded by the Seventh Circuit. On July 5, 2005, this case was reassigned to U.S. District Judge Herndon.

[3] ***McDonnel Douglas Corp. v. Green*, 411 U.S. 792 (1973)**. Under the *McDonnell Douglas* formula, a plaintiff who does not have direct or other circumstantial evidence of discrimination may create a presumption of discrimination by demonstrating the following four elements of a *prima facie* case. The burden then shifts to the employer to show a legitimate, nondiscriminatory reason for its action to avoid liability. If such reason is shown, the presumption of discrimination dissolves. The plaintiff must then show that the nondiscriminatory reason given by the employer is merely a pretext for a true discriminatory reason.

Page 2 of 11

Case 2:00-cv-00550-DRH   Filed 10/05/05   Page 2 of 11   Document 113

pretextual. The Court granted Defendant's motion for summary judgment, dismissing Plaintiff's action with prejudice. (Doc. 63.) Plaintiff subsequently appealed to the Seventh Circuit. (Doc. 67.)

Reviewing the matter *de novo*, the Seventh Circuit first attempted to structure the scope of Plaintiff's suit, principally regarding the chronology of events alleged. ***Volovsek v. Wis. Dept. of Agriculture, Trade and Consumer Protection*, 344 F.3d 680, 686-87 (7th Cir. 2003)**. Noting that although there were certain statutory time limits prescribed for the filing of Plaintiff's claims with the Equal Employment Opportunity Commission, which could serve to limit Plaintiff's claims, the Seventh Circuit found that the scope of Plaintiff's suit was subject to various equitable doctrines, such as waiver. ***Id.* at 687**. Specifically, the Court found that Defendant waived the argument that Plaintiff had failed to exhaust her administrative remedies.

Ultimately, the Seventh Circuit found that Plaintiff made out an adequate case under the "direct method"[4] for the denial of her promotion in 1993 to defeat summary judgment, but that Plaintiff had failed to make out an adequate case for events subsequent to her 1993 claim. ***Id.* at 689-90**. Therefore, the Seventh Circuit affirmed the judgment in part and reversed in part, remanding the matter back to the district court only regarding Plaintiff's 1993 claim. ***Id.* at 682**.

---

[4] Plaintiff may prove gender discrimination and retaliation directly or indirectly. The direct method uses direct and circumstantial evidence. The indirect method utilizes the *McDonnell Douglas* framework. ***Volovsek*, 344 F.3d at 689-90, 692**.

On remand, Defendant once again moved for summary judgment (hereinafter "second summary judgment motion") (Doc. 81) on Plaintiff's Second Amended Complaint (Doc. 22), arguing that (1) Plaintiff's 1993 claim was not alleged in her Second Amended Complaint and that before she can bring such claim, she should have exhausted her administrative remedies, and (2) because the 1993 claim was previously litigated in state court, Plaintiff was precluded from re-litigating it. Unlike the previous occasion, the Court denied Defendant's second summary judgment motion, stating that the Seventh Circuit had already rejected Defendant's exhaustion argument due to waiver. (Doc. 96, pp. 2-3.) As such, under the law of the case doctrine, the Court similarly found Defendant had waived its exhaustion argument. (*Id*.)

Further, the Court also found Defendant had waived its second argument of preclusion because Defendant failed to raise this argument in its first motion for summary judgment or on appeal. (*Id*. at 3-5.) Supporting its finding, the Court cited to the Seventh Circuit, which stated on appeal that Defendant had "engage[d] all of Volovsek's assorted allegations head-on." In sum, the Court held that the 1993 claim was a triable issue.

**B. DEFENDANT'S MOTION IN LIMINE**

In its Motion, Defendant asks the Court to preclude Plaintiff from presenting her gender discrimination claim to court/jury **unless or until** she demonstrates the following:

1. That plaintiff has plead compliance with all administrative prerequisites

> required by 42 U.S.C. § 200-e and FRCP 9(c);

2. That plaintiff demonstrates she filed a timely administrative charge with the Equal Employment Opportunity Commission ("EEOC"), the Wisconsin Personnel Commission or some other deferral agency AND the charge includes her 1993 non-promotion claim ("1993 claim");

3. That plaintiff demonstrates she received a right to sue letter from the EEOC relating to her 1993 claim and that she filed a timely lawsuit in federal district court;

4. That plaintiff has plead that the 1993 claim is an issue in this lawsuit;

5. That plaintiff demonstrate why her 1993 claim is not precluded in this lawsuit based on the fact that she already litigated this claim in the Circuit Court of Washington County in an action entitled **Volovsek v. Personnel Commission, Case No. 97-CV-287**; and

6. That plaintiff demonstrate why this court should not dismiss this lawsuit for reasons stated in nos. 1-5, *supra*, and the principle of issue preclusion, as addressed by the United State Supreme Court in **Kremer v. Chemical Construction, 456 U.S. 461 (1982)** and subsequent case law.

(Doc. 100.)

Defendant now seeks to preclude the same matters in this case as it sought to dispose of in its summary judgment pleadings. As listed above, item numbers one through three of Defendant's Motion assert the affirmative defense that Plaintiff failed to exhaust all administrative remedies. Item number four argues Plaintiff's failure to plead the 1993 claim in her Second Amended Complaint. Item number five argues that Plaintiff is precluded from bringing her 1993 claim before this court due to rulings in prior litigation. Lastly, number six seems to argue a burden of proof application. The Court will provide an analysis addressing each of the items listed in Defendant's Motion to determine whether such arguments are

barred by either the law of the case doctrine and/or waiver.

## II. ANALYSIS

### A. LAW OF THE CASE DOCTRINE AND WAIVER

Under the law of the case doctrine, a district court may only address certain things on remand: "(1) the issues remanded, (2) issues arising for the first time on remand, or (3) issues that were timely raised before the district and/or appellate courts but which remain undecided." **U.S. v. Morris, 259 F.3d 894, 898 (7th Cir. 2001)**. Exceptions to the doctrine only exist when there are justifiable changed circumstances, such as new and previously undiscoverable evidence, clear error or new law. **See Mendenhall v. Mueller Streamline Co., 419 F.3d 686, 691 (7th Cir. 2005); Vidimos, Inc. v. Wysong Laswer Co., Inc., 179 F.3d 1063, 1065 (7th Cir. 1999)**. Therefore, trying a case on remand does not simply allow the parties the "opportunity to reopen waived issues." **Id.**

Waiver amounts to a party's voluntary relinquishment or abandonment of a known legal right, whether done expressly or impliedly. **See BLACK'S LAW DICTIONARY 1611 (8th ed. 2004)**. A party that fails to raise an affirmative defense or other legal argument when its existence becomes apparent decidedly waives the right to present it in subsequent pleadings. **Rizzo v. Sheahan, 266 F.3d 705, 714 (7th Cir. 2001)**. Similarly, failure of a party to address the law of the case doctrine results in the waiver of claiming an exception to it. **Vidimos, 179 F.3d at 1065**.

**B.     DETERMINING WHETHER THE ARGUMENTS IN DEFENDANT'S MOTION ARE BARRED BY THE LAW OF THE CASE DOCTRINE AND/OR WAIVER**

On appeal, the Seventh Circuit remanded this case back to the district court, finding that summary judgment on Plaintiff's 1993 claim was improperly granted because an issue of material fact existed as to whether Defendant's failure to promote Plaintiff was based on her gender. ***Volovsek*, 344 F.3d at 690**. Therefore, the Court is now limited on remand to consider only the merits of Plaintiff's 1993 claim.

1. **Plaintiff's Failure to Exhaust her Administrative Remedies**

In an attempt to dispose of any triable issues in this matter, item numbers one through three in Defendant's Motion assert the argument that Plaintiff should be precluded from bringing forth her 1993 claim due to her failure to exhaust all administrative remedies. (Doc. 100.) This argument of administrative exhaustion was previously addressed by the Seventh Circuit on appeal. Despite the requirement for Plaintiff to "exhaust her administrative remedies by the filing of a timely EEOC complaint containing charges whose scope covers the claims in a subsequent district court complaint," the Seventh Circuit found that such requirement was subject to various equitable doctrines, including waiver. ***Volovsek*, 344 F.3d at 687**. Further, the Seventh Circuit held that Defendant had waived its administrative exhaustion argument:

> As well, at both the district court and before this court, [plaintiff] has placed front and center the events surrounding her failure to secure a promotion to EES when the position was first filled

> by ACS-level employees. The defendant's brief, however, does not argue that [plaintiff] is prevented from presenting these events because of a failure to exhaust her administrative remedies. In fact, [defendant] engages all of [plaintiff's] assorted allegations head-on. Therefore, any such exhaustion argument is waived.

*Id.*

Clearly, the finding that Defendant waived its administrative exhaustion argument has become law of the case. Considering Defendant's second summary judgment motion, the Court stated as much. In its Order, the Court noted that the Seventh Circuit determined Defendant "waived any such exhaustion argument," and therefore "[u]nder the law of the case doctrine, this court has no authority to disregard the Seventh Circuit's ruling." (Doc. 96, p. 2, citing **Key v. Sullivan, 925 F.2d 1056, 1060 (7th Cir. 1991)**). Since the Court's denial of Defendant's second summary judgment motion, this case is now before a different judge due to a reassignment. However, the fact that a different judge is now considering Defendant's arguments does not circumvent the applicability of the law of the case doctrine.[5] Hence, the Court finds no merit in Defendant's continued argument that Plaintiff failed to exhaust her administrative remedies, as under the law of the case, such argument has been deemed waived.

---

[5] "'The law of the case doctrine . . . reflects the rightful expectation of litigants that a change of judges midway through a case will not mean going back to square one.'" **Mendenhall, 419 F.3d at 691 (citing *Best v. Shell Oil Co.*, 107 F.3d 544, 546 (7th Cir. 1997)**). Therefore, "the earlier rulings will stand," absent a justifiable exception, because the second judge is "'not free to [alter the previous ruling] . . . merely because he has a different view of the law or the facts from the first judge.'" *Id.* **(citing *Best*, 107 F.3d at 546 (quoting *Williams v. C.I.R.*, 1 F.3d 502, 503 (7th Cir. 1993))).**

## 2. Plaintiff's Failure to Plead the 1993 Claim in her Second Amended Complaint

Item number four in Defendant's Motion asserts the argument that Plaintiff failed to plead the 1993 claim in her Second Amended Complaint. Plaintiff's Second Amended Complaint (Doc. 22) was filed previous to the appeal. Therefore, on appeal, the Seventh Circuit took into consideration the allegations stated within Plaintiff's Second Amended Complaint in order to determine that her 1993 claim survived summary judgment. If, on appeal, Defendant raised this same argument, the Seventh Circuit's decision would thereby implicitly deem the argument ineffectual. This implicit determination would then become law of the case.[6] **Key, 925 F.2d at 1060 ("[O]nce an appellate court has either expressly or by necessary implication decides an issue, the decision will be binding upon all subsequent proceedings in this case.")**.

## 3. Plaintiff is Precluded from Re-Litigating the 1993 Claim Due to Plaintiff's Prior State Lawsuit

In Defendant's Motion, item number five asserts that Plaintiff is precluded from bringing forth the 1993 claim due to prior litigation of this claim the Circuit Court of Washington County, State of Wisconsin.[7] As the affirmative defense

---

[6] Defendant raised this same argument in its second summary judgment motion. (Doc. 81.) The merit of this argument was not directly addressed in the Court's Order. (Doc. 96.) However, the fact that Defendant's second summary judgment motion was summarily denied leads to the conclusion that the Court considered and rejected such argument, which also then becomes law of the case.

[7] *See Volovsek v. Personnel Comm'n*, Case No. 97-cv-0287.

of preclusion[8] existed prior to the appeal and certainly prior to Defendant's second motion for summary judgment, the Court finds that Defendant has waived this argument and therefore, will not address it on the merits. In fact, this holding is already law of the case, as it was previously expressed by the Court in its Order denying Defendant's second motion for summary judgment. (Doc. 96, pp. 3-4.) Citing the Seventh Circuit's observation that Defendant "engage[d] all of [Plaintiff's] assorted allegations head-on," the Court found that Defendant had thereby waived its preclusion argument. (*Id*. at 3, citing ***Volovsek*, 344 F.3d at 687**.)

4. **Plaintiff Has Not Demonstrated Why the 1993 Claim Should Not Be Dismissed for Failure to Exhaust Administrative Remedies, Failure to Plead the 1993 Claim in her Second Amended Complaint and Issue Preclusion**

Defendant's final item of its Motion, listed as number six, incorrectly attempts to shift the burden of proof back to Plaintiff to demonstrate why the 1993 claim should not be dismissed based upon Defendant's affirmative defenses, previously asserted in items number one through five. However, as the Court has determined, for reasons stated above, that Defendant's arguments fail, there is no need for Plaintiff to overcome these failed affirmative defenses. Moreover, Defendant has not once addressed the possible applicability of the law of the case doctrine to the arguments asserted in its Motion. Neither has Defendant attempted to introduce new evidence or intervening authority which could provide an exception to the

---

[8] Defendant labels its argument/affirmative defense as "claim preclusion" in item number five of its Motion. However, the Court previously noted that either claim preclusion or issue preclusion could be found to have been waived by Defendant in this matter. (*See* Doc. 96, p. 3, n.1.)

doctrine, and thereby waives the right to claim an exception. *See Vidimos*, **179 F.3d at 1065**. Accordingly, under both doctrines of law of the case and waiver, the Court hereby finds all of the arguments asserted by Defendant in its Motion do not serve to dispose of the case and will therefore not preclude Plaintiff from trying the 1993 claim to a jury.

### III. CONCLUSION

The Court **DENIES** Defendant's Motion in Limine (Doc. 100) in its entirety, as all of the substantive arguments it asserts are either barred by the doctrine of law of the case or waiver.

**IT IS SO ORDERED.**

Signed this 5th day of October, 2005.

/s/      David RHerndon
**United States District Judge**