IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

JUDITH VOLOVSEK,

    Plaintiff,

v.

STATE OF WISCONSIN
DEPARTMENT OF AGRICULTURE,
TRADE AND CONSUMER PROTECTION,

    Defendant.                    No. 00-CV-550-DRH

## ORDER

**HERNDON, District Judge:**

    Before the Court is Defendant's Additional Motions in Limine, filed in conjunction with its Pretrial Brief. (Doc. 115.) The first evidentiary item Defendant requests the Court to exclude from trial is a comment Plaintiff alleges was made by one of her supervisors at the time, either Peter Helmbrecht or David Frederickson.[1] Specifically, the comment Defendant seeks to exclude at trial was that Plaintiff alleged she overheard either Mr. Helmbrecht or Mr. Frederickson taking about

---

[1] In its motion, Defendant incorrectly asserts that Plaintiff alleged the comment was made by either Peter Helmbrecht or David *Hagemeier*. Whether a typographical error or otherwise, this is a mistaken reference. In both the Seventh Circuit opinion (**Volovsek v. Wis. Dept. of Agriculture, Trade and Consumer Protection, 344 F.3d 680 (7th Cir. 2003)**) and Plaintiff's deposition, it is clear Plaintiff alleges the comment was made by either Peter Helmbrecht or David Frederickson.

1

"keeping them barefoot and pregnant." This comment was allegedly made right after Plaintiff was informed that she had been rejected for the Environmental Enforcement Specialist ("EES") position. *See **Volovsek v. Wis. Dept. of Agriculture, Trade and Consumer Protection**, 344 F.3d 680, 683 (7th Cir. 2003)*.

Defendant seeks to exclude the "barefoot and pregnant" comment from trial based on the presupposition that it was not a comment made by any person involved in deciding whether Plaintiff should have received the promotion/reclassification to EES. Supporting its assertion that the comment should be considered irrelevant because it was not made by a decision maker, Defendant cites **Huff v. UARCO, 122 F.3d 374, 383-384 (7th Cir. 1997)**.

However, it is not necessary for the Court to reach a substantial analysis of the **Huff** case to the instant matter. Clearly, Plaintiff alleged that David Frederickson and *not* David Hagemeier, was one of her supervisors that possibly made the alleged barefoot and pregnant comment. Defendant admits that Mr. Frederickson was one of the decision makers involved in determining whether Plaintiff became an EES. (*See* Doc. 115, p. 5.) Additionally, the other supervisor identified by Plaintiff was Peter Helmbrech. While Mr. Helmbrech may not have been directly involved with the decision, it is clear from Defendant's own words that the supervisors' input was regarded when determining whether to make Plaintiff an EES.

Defendant's letter to Plaintiff, dated June 11, 1993, gave explanation for its decision not to make Plaintiff an EES. In this letter, Defendant states that in the

process of selecting candidates for the EES positions, Defendant "contacted field supervisors and other ARM program staff who had significant interaction with a particular candidate." Additionally, Defendant "reviewed recent and past performance evaluations of each candidate." Therefore, it is reasonable to believe that Plaintiff's supervisors at the time, Mr. Helmbrech and Mr. Frederickson, could have had substantial influence over the decision makers, thereby making their alleged barefoot and pregnant comment relevant evidence to this case.

In its Motion, Defendant also asks the Court to exclude "any and all other evidence related to [P]laintiff's employment after the promotion issue because no subsequent evidence is relevant to the 1993 non-promotion decision and all plaintiff's subsequent discrimination complaints were disposed of at summary judgment and this decision was affirmed by the Seventh Circuit Court of Appeals in its 2003 opinion." (Doc. 115, p. 10.) As was stated earlier in an order (Doc. 113) denying Defendant's previously-filed motion in limine (Doc. 100), "the Court is now limited on remand to consider only the merits of Plaintiff's 1993 claim" due to the mandate of the Seventh Circuit. ***See Volovsek v. Wis. Dept. of Agriculture, Trade and Consumer Protection*, 344 F.3d 680, 692 (7th Cir. 2003)**.

3

In recognizing this limitation, the Court will conduct itself appropriately. Any suspected stray from the proper scope of inquiry is to be more appropriately addressed by counsel's objections at trial – not via a motion in limine.

Accordingly, Defendant's Motion in Limine is **DENIED**.

**IT IS SO ORDERED.**

This 7th day of November, 2005.

/s/      David RHerndon<br>**United States District Judge**